IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY MARVEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. Act. No. 08-837-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

## I. INTRODUCTION

In February, 2012, the court denied petitioner Larry Marvel's petition for a writ of habeas

corpus filed pursuant to 28 U.S.C. § 2254 after determining that his claims were procedurally

barred. (D.I. 31)  Presently pending before the court are Marvel's: (1) "motion for relief from

judgment or order pursuant Federal Rule of Civil Procedure 60(b)(6)" (D.I. 36); (2) his amended

Rule 60(b) motion (D.I. 38); and (3) his second motion to amend his Rule 60(b) motion (D.I. 42).

The court will treat all three motions as Rule 60(b) motions.

## II. STANDARD OF REVIEW

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b)

"allows a party to seek relief from a final judgment, and request reopening of his case, under a

limited set of circumstances including fraud, mistake, and newly discovered evidence."

*Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b) motions are addressed to the sound

discretion of the trial court, and are guided by accepted legal principles applied in light of all

relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV.    DISCUSSION

Marvel's Rule 60(b) motions allege that the court erred in determining that he had procedurally defaulted the ineffective assistance of counsel claim he was attempting to use as cause for his procedural default of claims two, three, and four on direct appeal. This argument challenges the manner in which Marvel's § 2254 petition was denied. Therefore, the court will treat the motions as true Rule 60(b) motions.

Nevertheless, Marvel's requests for reconsideration are unavailing. Marvel contends that the court confused his allegations of ineffective assistance during the trial with his allegations of ineffective assistance during his direct appeal, and that the court mistakenly believed that his

claim alleging ineffective assistance of counsel on direct appeal was not properly presented or adjudicated in the State courts. Contrary to Marvel's assertion, however, the court was not confused about Marvel's ineffective assistance of counsel claims. Rather, the court concluded that counsel's failure to present claims two, three, and four on direct appeal could not constitute cause for his procedural default of those claims, because Marvel failed to present his allegation regarding counsel's failure with respect to claims two, three, and four as an ineffective assistance of counsel claim in his Rule 61 appeal.

Additionally, the Court of Appeals for the Third Circuit denied Marvel's request for a certificate of appealability. (D.I. 43) In reaching this decision, the Third Circuit explicitly held that "the District Court was correct in its ruling that appellant's cognizable habeas corpus claims are barred due to a procedural default, and that he failed to show cause and prejudice or that failure to consider his claims would result in a miscarriage of justice." *Id.*

In these circumstances, the court concludes that Marvel has failed to present the court with any reason to conclude that it should reconsider its earlier denial of his petition.

## IV. CONCLUSION

For the aforementioned reasons, the court will deny the instant Rule 60(b) motions. In addition, the court will not issue a certificate of appealability, because Marvel has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see*

*United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Feb 19, 2013
_____
DATE

_____
CHIEF UNITED STATES DISTRICT JUDGE

4