IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY MARVEL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PERRY PHELPS, Warden, and ) <br> ATTORNEY GENERAL OF ) <br> THE STATE OF DELAWARE, ) <br> ) <br> Respondents. ) | Civ. Act. No. 08-837-GMS |

**MEMORANDUM**

**I.    INTRODUCTION**

In February, 2012, the court denied petitioner Larry Marvel's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 after determining that his claims were procedurally barred. (D.I. 31) Thereafter, Marvel filed a "motion for relief from judgment or order pursuant Federal Rule of Civil Procedure 60(b)(6)" (D.I. 36), and two amended Rule 60(b) motions (D.I. 38; D.I. 42). On February 19, 2013, viewing the aforementioned motions as one single motion, the court denied Marvel's Rule 60(b) motion and refused to reconsider its decision denying Marvel's habeas petition. (D.I. 45; D.I. 46)

In a letter dated February 18, 2013, but received by the court on February 20, 2013, Marvel asked the court to excuse his procedural default of claim two (due process violation/improper indictment), claim three (First Amendment violation stemming from testimony regarding coded letter), and claim four (insufficient evidence to sustain conviction for criminal solicitation) of his original habeas petition pursuant to the recent Supreme Court case,

*Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 1318 (2012). Because this letter was received by the court one day after it denied Marvel's Rule 60(b) motion, it did not consider Marvel's *Martinez* argument during its review of the Rule 60(b) motion. Consequently, on February 26, 2013, Marvel filed a Rule 59 motion to alter or amend the court's February 19, 2013 denial of his Rule 60(b) motion, specifically contending that his procedural default of claims two, three, and four presented in his original habeas petition should be excused under *Martinez* because the State did not appoint counsel to represent him during his state post-conviction proceeding. (D.I. 48 at 2-3)

## II. STANDARD OF REVIEW

Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument and/or reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied Marvel's Rule 60(b) motion on February 19, 2013. (D.I. 45; D.I. 46) The instant Rule 59 motion is dated

February 24, 2103, and the motion was docketed on February 26, 2013. (D.I. 48) Applying the prisoner mailbox rule to the date on Marvel's motion, the court concludes that Marvel's Rule 59 motion is timely.

Nevertheless, the court concludes that Marvel's Rule 59 motion fails to warrant relief. As the court explained when it denied Marvel's habeas petition, Marvel did not raise claims two, three, or four during his trial or on direct appeal. Therefore, when he presented claims two, three, and four to the Delaware Superior Court in his *pro se* Rule 61 motion, the Superior Court denied the claims as procedurally defaulted under Rule 61(i)(3). The Delaware Supreme Court affirmed that judgment after holding that Marvel's default of all three claims could not be excused under the miscarriage of justice exception contained in Rule 61(i)(5).

Although Marvel then presented claims two, three, and four in his habeas petition, Marvel's procedural default of the three claims in state court prevented the court from reviewing the merits of the claims absent a showing of cause for the default and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed. Marvel contended that this court should excuse his default of claims two, three, and four because defense counsel failed to raise these three claims on direct appeal. While an attorney's failure to present a claim on direct appeal can constitute cause for a petitioner's procedural default of that claim, the petitioner must have exhausted state remedies for that particular allegation of ineffective assistance and counsel's action must amount to constitutionally ineffective assistance. In this case, the court determined that this particular allegation of ineffective assistance was itself procedurally defaulted because, although Marvel presented the issue of counsel's failure to raise claims two, three, and four in his Rule 61 motion, he did not raise the issue on post-conviction

3

appeal. *See State v. Marvel*, ID No. 0510007925, Babiarz, J., Opinion (Del. Super. Ct. June 25, 2008); *Marvel v. State*, 957 A.2d 2 (Table), 2008 WL 415830, at *2 n.5 (Del. Sept. 10, 2008). Given Marvel's procedural default of this particular ineffective assistance allegation,[1] the court could not use counsel's performance to excuse Marvel's procedural default of claims two, three, and four. *See Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000). The court also determined that Marvel's procedural default of the claims could not be excused pursuant to the miscarriage of justice exception to the procedural default doctrine. Therefore, the court denied claims two, three, and four as procedurally barred.

Now, in a convoluted manner, Marvel invokes *Martinez* as a way to avoid the court's ruling that claims two, three, and four are procedurally barred. More specifically, he argues that the Superior Court's failure to appoint counsel to represent him in his initial Rule 61 proceeding *per se* constitutes cause for any procedural default. (D.I. 48 at 3) Marvel's invocation of *Martinez*, however, is unavailing.

In *Martinez*, the Supreme Court held for the first time that the ineffective assistance of counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review proceedings, may establish cause sufficient to excuse a procedural default of a **claim of ineffective assistance of trial counsel**, when, under state law, claims regarding trial counsel's ineffectiveness can only be raised for the first time in initial collateral proceedings. *Id.* (emphasis added). However, *Martinez* is inapplicable to Marvel's situation, because the three procedurally defaulted claims (claims two, three, and four) at issue in his habeas petition, and the claims for which he sought reconsideration in his Rule 60(b) motion, were not ineffective

---

[1] *See* Del. Super. Ct. Crim. Rule 61(i)(2).

4

assistance of trial counsel claims. In fact, Marvel's petition did not assert any independent ineffective assistance of counsel claims; rather, Marvel only raised the issue of trial/appellate counsel's ineffective assistance in his response to the State's answer in an attempt to establish cause for the default of claims two, three, and four. (D.I. 19) Thus, even if the absence of counsel during a post-conviction proceeding can provide cause to permit review of a defaulted claim alleging ineffective assistance of trial counsel, the absence of counsel in Marvel's Rule 61 proceeding does not provide cause for procedurally defaulted claims two, three, and four of this proceeding, because these three claims did not allege ineffective assistance of counsel.

In these circumstances, the court concludes that Marvel has failed to present the court with any reason to conclude that it should reconsider its earlier denial of his Rule 60(b) motion (or, in turn, that it should reconsider its denial of claims two, three, and four as procedurally barred). Accordingly, the court will deny Marvel's Rule 59 motion.

## IV. CONCLUSION

For the aforementioned reasons, the court will deny the instant Rule 59 motion. In addition, the court will not issue a certificate of appealability, because Marvel has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

July 30, 2013
DATE

CHIEF, UNITED STATES DISTRICT JUDGE