IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY MARVEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. Act. No. 08-837-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## **M E M O R A N D U M**

### I.   INTRODUCTION

In February, 2012, the court denied petitioner Larry Marvel's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 after determining that his claims were procedurally barred. (D.I. 31) Marvel appealed. The Third Circuit Court of Appeals declined to issue a certificate of appealability in an order dated August 28, 2012, explaining that "jurists of reason would not find it debatable that the District court was correct in its ruling that appellant's cognizable habeas corpus claims are barred due to a procedural default, and that he failed to show cause or prejudice or that failure to consider his claims would result in a fundamental miscarriage of justice." (D.I. 43)

While his appeal was pending, Marvel filed in this court a "motion for relief from judgment or order pursuant Federal Rule of Civil Procedure 60(b)(6)" (D.I. 36), and two amended Rule 60(b) motions (D.I. 38; D.I. 42). On February 19, 2013, viewing the

aforementioned motions as one single motion, the court denied Marvel's Rule 60(b) motion and refused to reconsider its decision denying Marvel's habeas petition. (D.I. 45; D.I. 46)

In a letter dated February 18, 2013, but received by the court on February 20, 2013, Marvel asked the court to excuse his procedural default of claim two (due process violation/improper indictment), claim three (First Amendment violation stemming from testimony regarding coded letter), and claim four (insufficient evidence to sustain conviction for criminal solicitation) of his original habeas petition pursuant to the recent Supreme Court case, *Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012). Because this letter was received by the court one day after it denied Marvel's Rule 60(b) motion, it did not consider Marvel's *Martinez* argument during its review of the Rule 60(b) motion. Consequently, on February 26, 2013, Marvel filed a Rule 59 motion to alter or amend the court's February 19, 2013 denial of his Rule 60(b) motion, specifically contending that his procedural default of claims two, three, and four presented in his original habeas petition should be excused under *Martinez* because the State did not appoint counsel to represent him during his state post-conviction proceeding. (D.I. 48 at 2-3) The court denied the motion after determining that *Martinez* was inapplicable to Marvel's case because the procedurally barred claims at issue did not allege ineffective assistance of trial counsel. (D.I. 52; D.I. 53)

Presently pending before the court is Marvel's newest Rule 59(e) motion to alter or amend the court's denial of his prior Rule 59(e) motion. (D.I. 54) Marvel contends that the court erred in concluding that the procedurally barred claims at issue in his Rule 60(b) did not allege ineffective assistance of trial counsel. Thus, he asserts that the court should apply *Martinez* to

his case and review his claims on the merits.

## II.     STANDARD OF REVIEW

Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). *Fiorelli*, 337 F.3d at 288.  The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reargument and/or reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III.     DISCUSSION

The court is not persuaded by Marvel's convoluted and somewhat incomprehensible argument that the claims in his petition actually allege independent claims of ineffective assistance.  As such, the court rejects Marvel's contention that the court committed an error in construing his claims.  Accordingly, the court will deny the instant Rule 59 motion.

## IV.     CONCLUSION

For the aforementioned reasons, the court will deny the instant Rule 59 motion.  In addition, the court will not issue a certificate of appealability, because Marvel has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see*

3

*United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

_____
DATE

_____
CHIEF UNITED STATES DISTRICT JUDGE

4